UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:09-CR-43-4-TLS-PRC |
| HANEEF JACKSON-BEY | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Haneef Jackson-Bey's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 800], filed on January 8, 2024. For the reasons detailed below, the Defendant's motion is dismissed.

**BACKGROUND**

On March 19, 2010, the Defendant pleaded guilty to Sex Trafficking by means of Force, Fraud, and Coercion, in violation of Title 18 United States Code Section 1591(a)(1) and 1591(b)(1). *See* Plea Agreement, ECF No. 273; Change of Plea Hrg., ECF No. 275. On September 8, 2010, the Court sentenced the Defendant to a term of imprisonment of 180 months. *See* Judgment, ECF No. 329.

On August 23, 2011, the Defendant filed a Motion to Vacate pursuant to 28 U.S.C § 2255 [ECF No. 402]. In relevant part, the Defendant argued that: (1) his plea of guilty was unlawfully induced or made involuntarily; (2) his conviction was obtained by use of a coerced confession; (3) his right to self-incrimination was violated; and (4) the prosecution failed to disclose favorable evidence. *Id.* at 4–5. On January 23, 2012, the Honorable Rudy Lozano denied the Motion. *See* Order, ECF No. 409.

On September 27, 2013, the Defendant filed a second Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 485]. On October 15, 2013, the Honorable Rudy Lozano dismissed the second motion for lack of jurisdiction. *See* Order, ECF No. 488.

On February 18, 2020, the Defendant filed a Motion for Post-Conviction Relief under Federal Rule 60(B) [ECF No. 701]. And, on June 5, 2023, the Defendant filed a Motion for Reconsideration, asking the Court to reconsider the ruling on his original § 2255 motion [ECF No. 785]. In Orders entered the same date as the instant Order, the Court dismissed both motions as impermissible successive motions under § 2255.On January 8, 2024, the Defendant filed the instant Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 800]. In this motion, the Defendant argues: (1) he was prejudiced by a "constructive amendment" of the indictment; (2) "government deception" caused him to accept the plea deal; (3) he was entitled to a competency hearing prior to accepting the plea deal; and (4) his attorney had a conflict of interest because he was allegedly representing a key material witness. *See* Mot. at 7–11, ECF No. 800.

**ANALYSIS**

The Court dismisses the Motion for lack of jurisdiction. "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016) (stating that "Section 2255(h) permits a court of appeals to authorize a successive collateral attack").

Here, it does not appear that the Defendant has obtained permission from the Court of Appeals to file this successive petition. Thus, this Court lacks jurisdiction to assess the

Defendant's arguments. *See Nuñez*, 96 F.3d at 991. As the Defendant's Motion is improper under § 2255, it must be dismissed.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, Defendant Haneef Jackson-Bey's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 800] is DISMISSED. The Court also DECLINES to issue a Certificate of Appealability.

SO ORDERED on February 7, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3